**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MANUEL VILLAGARCIA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR.,<br><br>Respondent. | No. 10-70159<br><br>Agency No. A098-409-076<br><br><br>MEMORANDUM[*] |

On Petition for Review of the Decision of
the Board of Immigration Appeals

Submitted December 4, 2013[**]
San Francisco, CA

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Carlos Manuel Villagarcia petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his application for asylum, withholding of removal,

and protection under Convention Against Torture ("CAT"). We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Villagarcia testified that criminals, police officers, and corrupt members of the government visited his family's home from 1985 to 1990 seeking to get information about the whereabouts of his father, a criminal who was allegedly involved in kidnappings, robberies, and assaults in Peru. Villagarcia was not harmed in Peru. No one in the family has heard from Villagarcia's father since 1995, and his family has not had any problems since 1990.

In order to be considered a "refugee" who is eligible for asylum, Villagarcia must show that he was persecuted "on account of" an enumerated ground (race, religion, nationality, membership in a particular social group, or political opinion). *INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992). The BIA determined that Villagarcia was not eligible for asylum and withholding because he failed to establish a nexus between his experiences in Peru due to his father's criminal activities and an enumerated ground. In doing so, it explicitly agreed with the opinion of the immigration judge ("IJ").

We uphold adverse BIA decisions denying asylum if they are supported by "substantial evidence." *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000). "Under this deferential standard 'a petitioner contending that the Board's findings are erroneous must establish that the evidence not only *supports* that conclusion, but *compels* it.'" *Id.* (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th

Cir. 1995) (emphasis in original)). "Though limited to reviewing the administrative record, we consider the record in its entirety, including evidence that contradicts the BIA's findings." *Id.* (citing *Velarde v. INS*, 140 F.3d 1305, 1309 (9th Cir. 1998)).

Although the BIA never stated what enumerated grounds it considered when making its determination, it did specifically "agree" with the IJ, who found that Villagarcia had not established persecution on account of his membership in a social group. Reviewing the record in its entirety, it is also clear that Villagarcia was claiming persecution based on his membership in a particular social group—his family. Consequently, although the BIA's opinion is lacking in detail on this point, "[a]ll that we require is that the [BIA] provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention." *Ghaly*, 58 F.3d at 1430. That is satisfied here.

We cannot conclude that the BIA erred in determining that Villagarcia failed to establish a nexus between his experiences in Peru due to his father's criminal activities and an enumerated ground. Villagarcia presented no evidence indicating that the individuals who came to his family's home were targeting Villagarcia based on his familial relationship rather than merely attempting to locate his father.

Accordingly, anyone with knowledge about his father, even those outside the Villagarcia family, could have been subjected to the same actions. Villagarcia has not "presented evidence so compelling that no reasonable factfinder could find that [he] has not established eligibility for asylum." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). Because Villagarcia has failed to meet the burden of proof for asylum, he necessarily fails to meet the more demanding standard for withholding of removal.

Substantial evidence also supports the agency's determination that Villagarcia failed to demonstrate eligibility for protection under the CAT. In order to be eligible for protection under the CAT, an alien must prove that it is "more likely than not" that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Villagarcia was not harmed or tortured in Peru. He presented no evidence or testimony establishing that it is more likely than not that he would be tortured if he returned to Peru.

**PETITION DENIED.**